UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALTHEA SMITH ENGLAND,

       Plaintiff,

v.                                                    CASE NO. 8:11-cv-02743-T-23MAP

HILLSBOROUGH COMMUNITY
COLLEGE,

       Defendant.

_____/

## **ORDER**

Alleging that Hillsborough Community College ("HCC") fraudulently and discriminatorily chose to not hire her, Althea England sues HCC. According to the amended complaint (Doc. 12), England, a 61-year-old self-employed writer, applied for two writing positions at HCC, but HCC hired a less-qualified candidate in each instance. HCC moves (Doc. 15) either to dismiss under Rule 12(b), Federal Rules of Civil Procedure, or for a more definite statement under Rule 12(e).

## **I. Allegations of the Amended Complaint**

In May, 2009, England applied for employment as a tutor at HCC. The tutoring director told England that he could not hire at the moment because of budget constraints, but that, if the HCC board of directors approved the new budget,

he would hire England.  In the interim, England volunteered as a tutor at HCC.  The

tutoring director never hired England.  Later, when the tutoring director position

became available, England applied.  Instead, HCC hired a twenty-two-year-old male.

Upset over the hiring decision, England met with Linda Herlocker, the dean of

HCC student services.  In the meeting, Herlocker offered England a job as a "student

success coordinator," and England accepted.  Herlocker explained that the

description for a "student success coordinator," a new job at HCC, was unfinished.

Herlocker requested that England come to HCC "one week before her start date" to

complete "new hire paperwork."  England completed the paperwork, but HCC soon

lost the paperwork.  Choosing not to return to Herlocker, England met with the

executive director of human resources to complete new paperwork.  After the

meeting, Herlocker rescinded the job offer because England violated the chain of

command by resorting directly to the executive director.

England asserts that HCC offered her a job as "student success coordinator"

only to mask HCC's previous discriminatory hiring of the tutoring director.  England

adds that HCC used the chain of command as a pretext for discrimination.  England

explains that an HCC student told England that HCC already hired a "student

success coordinator."  England details her job history to support that she qualifies for

employment as the tutoring director.

## II.  Discussion

England states that her Equal Employment Opportunity Commission right-to-sue letter lists five purported claims for relief; but her complaint identifies no specific claim.  Rather, the complaint includes an assortment of facts, perhaps charitably construed as an attempt at one or both of a claim of discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634, or a claim of discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000h-6.

A complaint must allege each material element necessary to merit recovery under a "viable legal theory."  *Fin. Sec. Assur., Inc. v. Stephens, Inc.,* 500 F.3d 1276, 1282-83 (11th Cir. 2007).  Under Title VII, a plaintiff must allege that "she was a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class."  *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004).  Title VII does not remedy age discrimination, and England fails to allege membership in a protected class based on "race, color, religion, sex, [and] national origin."  *Kremer v. Chemical Const. Corp*, 456 U.S. 461, 466 n.4 (1982).  As written, England fails to plead a claim for relief under Title VII.

England's attempted ADEA claim suffers a fatal defect, also.  The Eleventh Amendment bars a suit against a state employer under the ADEA.  *Kimel v. Florida*

*Bd. of Regents*, 528 U.S. 62, 91 (2000).  As an "arm of the state," a Florida community college enjoys immunity from suit.  *Williams v. Dist. Bd. of Trustees of Edison Cmty. Coll., Fla.*, 421 F.3d 1190, 1194 (11th Cir. 2005).  Accordingly, England cannot sue HCC under the ADEA.

Further, England alleges fraudulent misrepresentation in hiring by HCC.  To state a claim for fraud, a plaintiff must allege that the defendant, knowingly and with the intent to induce the plaintiff to act, falsely stated a material fact that caused injury.  *Lance v. Wade,* 457 So.2d 1008, 1011 (Fla. 1984); *C & J Sapp Pub. Co. v. Tandy Corp.,* 585 So. 2d 290, 292 (Fla. 2d DCA 1991).  England fails to allege an intent by HCC to induce England to act and fails to allege facts describing her injury.  England's complaint fails to create a reasonable inference of fraud.

Additionally, England's complaint violates both Rules 8 and 10, Federal Rules of Civil Procedure.  Rule 8(a)(2) requires a plaintiff to plead, "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plausible claim alleges facts that permit a reasonable inference of defendant's liability for the misconduct alleged.  *Ashcroft*, 556 U.S. at 678.  Rule 10(b) requires a short, plain statement of each claim, "in numbered paragraphs, each limited as far as practicable to a single set of

circumstances."  In violation of Rule 10(b), England fails to allege her claims, each in separate and distinct counts, each based on a distinct transaction or occurrence.

England fails to establish a successful ADEA, Title VII, or fraud claim, and the complaint fails to comply with Rules 8 and 10.  Although the complaint of a *pro se* plaintiff receives a more lenient reading, the complaint "still must comply with the procedural rules governing the proper form of pleadings."  *Washington v. Bauer*, 149 F. App'x 867, 870 (11th Cir. 2005).

The HCC's motion (Doc. 15) is **GRANTED** and the complaint is **DISMISSED**.  England may amend the amended complaint on or before **August 13, 2012**.  Failure to amend will result in dismissal without further notice.  Continued failure to allege a claim for relief will result in dismissal with prejudice.  **THE PLAINTIFF SHOULD RETAIN COUNSEL**.

ORDERED in Tampa, Florida, on July 26, 2012.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE