UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALTHEA SMITH ENGLAND,

    Plaintiff,

v.                                                   Case No: 8:11-cv-2743-T-23TGW

HILLSBOROUGH COMMUNITY
COLLEGE,

    Defendant.
_____/

**ORDER**

      A July 26, 2012, order (Doc. 17) describes in detail the *pro se* plaintiff's allegations and notes, "The complaint includes an assortment of facts, perhaps charitably construed as an attempt at one or both of a claim of discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634, or a claim of discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000h-6." The July 26 order describes the second amended complaint's deficiency, including the Eleventh Amendment's barring an ADEA claim against the defendant, and grants leave to amend.

      The plaintiff submits a third amended complaint that attempts to allege (1) a breach of contract; (2) a violation of the Age Discrimination in Employment Act; (3) a violation of the "Fair Employment Practices Act;" (4) "constructive fraud;

concealment, misrepresentation, and intentional infliction of severe emotional distress;" (5) "retaliatory discharge;" (6) an abuse of process; (7) "verbal harassment;" and (8) "a pattern of discriminatory, abusive, and unfair labor practices." As the defendant correctly responds, the Eleventh Amendment continues to bar the ADEA claim and neither a "Fair Employment Practices Act" claim, a general "retaliatory discharge" claim, nor a "verbal harassment" claim appears in Florida or federal law.

None of the remaining allegations asserts a claim for relief. First, absent an "express, written contract" sovereign immunity bars a breach of contract claim against the defendant. *Pan-Am Tobacco v. Dep't of Corrections*, 471, So. 2d 4, 4 (Fla. 1984); *County of Brevard v. Miorelli Eng'g,* 703 So. 2d 1049, 1051 (Fla. 1997). The plaintiff must identify (1) an "express, written contract" (that is, a document that reveals an offer, an acceptance, and mutual consideration) (2) a breach of the contract, and (3) an injury resulting from the breach. *Friedman v. N.Y. Life Ins.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008).

Second, fraud requires (1) a false statement or omission of material fact, (2) a knowledge of the statement's falsity, (3) an intent to induce reliance, and (4) an injury resulting from reliance. *Ward v. Atlantic Sec. Bank*, 777 So. 2d 1144, 1146 (Fla. 3d DCA 2001) (citing *Lance v. Wade*, 457 So. 2d 1008, 1011 (Fla. 1984)). Additionally, Rule 9(b), Federal Rules of Civil Procedure, requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Rule 9(b) requires "(1)

precisely what documents or oral representations were made, . . . (2) the time and place of each such statement and [where possible] the person responsible for making (or, in the case of omissions, not making) [the representation], . . . (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *In re Recoton Corp. Sec. Litig.*, 358 F.Supp.2d 1130, 1138 (M.D. Fla.2005) (quoting *Ziemba v. Cascade Int'l*, 256 F.3d 1194, 1202 (11th Cir. 2001)).  Liberally construed, the complaint might identify a false statement but identifies no injury resulting from reliance.

Third, "'[a]buse of process' may generally be defined as the use of a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which the process was not designed." 1 Am. Jur. 2d *Abuse of Process* § 1 (2012). The defendants never used a "legal process" against the plaintiff.

Finally, Count VIII appears to attempt a Title VII claim for "pattern and practice discrimination." Again, under Title VII, a plaintiff must allege (1) that "she was a qualified member of a protected class and [(2) that she] was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class." *Wilson v. B/E Aerospace*, 376 F.3d 1079, 1087 (11th Cir. 2004). The plaintiff again fails to satisfy each requirement.

The defendant's motion to dismiss (Doc. 26) is **GRANTED**.  Count II (violation of the Age Discrimination in Employment Act), Count III (violation of the

"Fair Employment Practices Act"), Count V ("retaliatory discharge"), Count VI (abuse of process), and Count VII ("verbal harassment") are **DISMISSED WITH PREJUDICE**. In other words, the plaintiff may not again attempt these claims for relief. Count I (breach of contract), Count IV (fraud), and Count VIII (discrimination under Title VII) are **DISMISSED WITHOUT PREJUDICE**. In other words, the plaintiff may provide in a fourth amended complaint allegations to support these claims for relief.

Accordingly, on or before **NOVEMBER 23, 2012**, the plaintiff shall submit a fourth amended complaint and shall limit the allegations to breach of contract, fraud, and Title VII discrimination. The plaintiff shall title the paper "Fourth Amended Complaint" and shall conspicuously provide the case number (8:11-cv-2743-T-23TGW) at the top of the paper. **FAILURE TO STATE A CLAIM WILL LIKELY RESULT IN DISMISSAL OF THIS ACTION WITH PREJUDICE**. The plaintiff's motion for summary judgment (Doc. 31) is **DENIED**.

ORDERED in Tampa, Florida, on November 5, 2012.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE